FILED

2009 AUG 28  PM 3:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C. CALIF.
LOS ANGELES

BY _____

1  Jordan L. Lurie  (130013)
   jlurie@weisslurie.com
2  Zev B. Zysman (176805)
   zzysman@weisslurie.com
3  Joel E. Elkins (256020)
   jelkins@weisslurie.com
4  WEISS & LURIE
   10940 Wilshire Boulevard, 23rd Floor
5  Los Angeles, CA 90024
   Telephone:  (310) 208-2800
6  Facsimile:   (310) 209-2348

7  *Attorneys for Plaintiff and*
   *the Proposed Class*

8

9

10

11                    **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13
     NILOOFAR SAEIDIAN, on Behalf of        )   Case No: CV09-6309  JFW VBKx
14   Herself and All Others Similarly       )
     Situated,                              )
15                                          )   CLASS ACTION
                        Plaintiff,          )
16                                          )   COMPLAINT
           v.                               )
17                                          )
     THE COCA COLA COMPANY,                 )
18                                          )
                        Defendant.          )
19   _____)

20

21

22

23

24

25

26

27

28

1    Plaintiff Niloofar Saeidian, brings this action against Defendant The Coca
2    Cola Company ("Defendant" or "Coca Cola"), on behalf of herself and all others
3    similarly situated, upon information and belief, except as to her own actions, the
4    investigation of her counsel, and the facts that are a matter of public record, as
5    follows:

6                                    **INTRODUCTION**

7    1.    The claims asserted herein are premised on unfair competition and
8    fraudulent, unfair, deceptive and false advertising under California Business &
9    Professions Code §§17200, *et seq.* ("UCL"), California Business & Professions
10   Code §§17500, *et seq.* ("FAL") based on Defendant's pattern and practice of
11   fraudulently, unfairly, deceptively, and unlawfully packaging, marketing,
12   promoting, and selling its "Minute Maid Enhanced Pomegranate Blueberry" juice
13   product (the "Pomegranate Blueberry Juice"). Coca Cola sells the Pomegranate
14   Blueberry Juice nationwide, including California, in supermarkets and other
15   retailers.

16                                **NATURE OF ACTION**

17   2.    At all times relevant to the matters alleged in this Complaint,
18   Defendant has made, and continues to make, affirmative misrepresentations and/or
19   omissions regarding its "Minute Maid Enhanced Pomegranate Blueberry" juice
20   product. Specifically, the Pomegranate Blueberry Juice which has been packaged,
21   advertised, marketed and sold by Coca Cola based on the label and other forms of
22   advertising to Plaintiff, and others similarly situated, represented that the primary
23   ingredients in the juice product are pomegranate and blueberry juice. In fact, the
24   Pomegranate Blueberry Juice contains *very little pomegranate or blueberry juice,* a
25   fact which Defendant knew and purposely failed to disclose to its consumers. The
26   primary ingredients are actually composed of cheap apple and grape juice. To this
27   day, Defendant has taken no meaningful steps to clear up consumers'
28   misconceptions regarding its product.

                                          1

3.   As a consequence of Defendant's unfair and deceptive practices, Plaintiff and members of the Class have purchased the Pomegranate Blueberry Juice under the false impression that, by drinking Defendant's product they would be enjoying the healthful and nutritional benefits associated with a product they believe at least primarily contains pomegranate and blueberry juices. Significantly, *each* consumer has been exposed to the *same* material misrepresentations and/or omissions which are prominently displayed on the product packaging for the Pomegranate Blueberry Juice prior to purchasing the product.

4.   As a result of Defendant's representations and/or omissions regarding the Pomegranate Blueberry Juice, Plaintiff and Class members overpaid for the juice because the value of the product was diminished at the time it was sold to consumers. Had Plaintiff and Class members been made aware that the juice contained almost no pomegranate or blueberry juice, they would not have purchased the Pomegranate Blueberry Juice, would have paid less for it, or purchased another juice product.

5.   As a result of Defendant's false and misleading statements and failures to disclose, as well as Defendant's other conduct described in this Complaint, Plaintiff and Class members bought hundreds of thousands of units of the Pomegranate Blueberry Juice and have suffered – and continue to suffer – injury in fact as a result of Defendant's misrepresentations and/or omissions.

6.   Defendant's conduct as alleged herein violates, *inter alia*, California Business & Professions Code §§17200 and 17500, *et seq.*

7.   This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing.

## JURISDICTION AND VENUE

8.   This Court has original jurisdiction over this class action pursuant to 28 U.S.C. §1332(d)(2) which explicitly provides for the original jurisdiction of the

2

1    federal court in any class action in which any member of the Class is a citizen of a

2    state different from any Defendant, and in which the matter in controversy,

3    exclusive of interest and costs, exceeds the sum or value of $5,000,000.  Plaintiff

4    alleges that the claims of individual class members in this action are well in excess

5    of $5,000,000 in the aggregate, exclusive of interest and costs, and that the total

6    number of members of the proposed Class is greater than 100, as required by 28

7    U.S.C. §1332(d)(2), (5).  Further, as set forth below, Plaintiff is a citizen of a state

8    different from Defendant.

9        9.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that

10   many of the acts and transactions giving rise to this action occurred in this district

11   and because defendant:

12        (a)    is authorized to conduct business in this district and has

13   intentionally availed itself of the laws and markets within this district through the

14   promotion, marketing, distribution and sale of its products in this district;

15        (b)    does substantial business in this district; and

16        (c)    is subject to personal jurisdiction in this district.

17                        **THE PARTIES**

18       10.    At all times relevant to this matter, Plaintiff Niloofar Saeidian resided

19   and continues to reside in this district.  During the class period, Plaintiff was

20   exposed to and saw Defendant's advertising and packaging claims, purchased the

21   Pomegranate Blueberry Juice in reliance on these claims, and suffered injury in fact

22   and lost money as a result of the unfair competition described herein.

23       11.    In making her purchasing decision, Plaintiff relied upon, *inter alia*, the

24   labeling, packaging, advertising and/or other promotional materials which were

25   prepared and approved by Defendant and its agents and disseminated through its

26   packaging, advertising and marketing, and/or through local and national advertising

27   media, including Defendant's Internet web-sites, media and in-store

28

1  advertisements, containing the misrepresentations and/or omissions alleged

2  hereafter.

3      12.    Defendant Coca Cola is a multinational corporation organized under

4  the laws of the State of Delaware, with its principal executive offices in Atlanta,

5  Georgia.  Coca Cola is the world's largest beverage company.  Coca Cola

6  manufactures, distributes, and markets nonalcoholic beverages, mineral waters and

7  beverage concentrates under various brand names, including Coca-Cola, Diet Coke,

8  Fanta, Sprite, Odwalla and Minute Maid.

9                        **SUBSTANTIVE ALLEGATIONS**

10     13.    It has become recently well-known that both pomegranate and

11  blueberry juices are high in powerful antioxidants, recognized for years to be

12  helpful in maintaining health and preventing disease.  Pomegranate juice has very

13  high levels of unique polyphenols[1], potent antioxidants that are especially effective

14  at neutralizing free radicals,[2] helping to prevent cell and tissue damage that can lead

15  to dysfunctions and diseases associated with aging.  Based on laboratory and

16  human pilot studies, the juice of the pomegranate has been effective in reducing

17  heart disease risk factors, including LDL oxidation, macrophage oxidative status,

18  and foam cell formation, all of which are steps in atherosclerosis and

19  cardiovascular disease.  Pomegranate juice has also been shown to reduce systolic

20  blood pressure by inhibiting serum angiotensin-converting enzyme, may inhibit

21  viral infections, and may also have antibacterial effects against dental plaque.

22     14.    Like the pomegranate, the blueberry is considered a "wonder fruit" or

23  "super fruit" and has become a popular drink among health conscious consumers

24

25  [1] Polyphenols are a class of phytochemicals found in plants.  Phenol is a kind of molecule, a carbon-based chemical structure, and many of them bound together form a polyphenol.

26  [2] Free radicals are atoms or molecules in one's body with an unpaired electron making them
27  highly unstable.  Normally, electrons come in pairs, and therefore the free radicals collide with other molecules in an attempt to steal an electron, which in turn, may start a chain reaction, causing damage to cell membranes and DNA through a process known as oxidative stress.  Indeed, free
28  radicals are able to aggressively destroy healthy cells and have been linked to serious health threats, such as cancer and heart disease.

                                        4

1 because of its known high antioxidant capacity. Blueberries are also highly

2 protective to the cardiovascular system and nervous system and are among the

3 fruits with the highest antioxidant activity.

4      15.    With the nutritional and health benefits of pomegranate and blueberry

5 juices becoming widely known, consumer demand for pomegranate and blueberry

6 juices has increased rapidly.  It was this enormous new market that Defendant

7 hoped to tap with the sale of its new Pomegranate Blueberry Juice product.

8      16.    Indeed, on September 24, 2007, Coca Cola issued a press release,

9 introducing its "Minute Maid Pomegranate Blueberry" juice product as part of

10 Minute Maid's "Enhanced Juices."  According to the press release, the new

11 product launch in 2007 was supported with a marketing program that included

12 "national print and television advertising, point-of-purchase displays, an interactive

13 Web site, public relations and national in-store sampling programs."  In addition,

14 the press release stated that the new Minute Maid Pomegranate Blueberry Juice

15 focused on the "health-conscious shopper" and emphasized the juice's healthy

16 nutrients which "helps nourish the brain and body."

17      17.    Defendant's Pomegranate Blueberry Juice purports to combine two of

18 nature's most potent antioxidants, pomegranates and blueberries into a single

19 "Enhanced Juice."  However, the truth is that the main ingredients in Defendant's

20 Pomegranate Blueberry Juice are neither pomegranate nor blueberry juice, but

21 instead, cheap apple and grape juice.

22      **The Label Of Minute Maid's Pomegranate Blueberry Juice**

23      18.    Even though the Pomegranate Blueberry Juice contains very little

24 pomegranate or blueberry juice, Coca Cola made a tactical marketing and/or

25 advertising decision to create a deceptive and misleading label with many elements

26 not required by state or federal regulation.  For example, despite the fact that apple

27 and grape juice are the predominant juices in its product, Defendant decided to give

28 this juice product the brand name of "Pomegranate Blueberry" juice on the front

1 | label, and to prominently display a picture of a pomegranate next to three

2 | blueberries, among other misleading elements.  The front label on *each* juice

3 | product substantially appears as follows:



19.    Coca Cola could have given the product many other names.  For
example, Coca Cola could have named its product "Apple Grape" juice which are
the two primary juices in its product.

20.    As shown above, Coca Cola's decision to name its product
"Pomegranate Blueberry," rather than, for example, "Apple Grape," demonstrates
Coca Cola's intention to focus consumers on the pomegranate and blueberry juice
in the product, while downplaying the cheaper juices it primarily contains.

21.    By characterizing this product as "Pomegranate Blueberry," and
including the prominent display of a pomegranate next to blueberries on the front
label, Coca Cola misled Plaintiff and other consumers, who reasonably expect that

1   the juice product actually consists primarily of pomegranate and blueberry juices.

2   It is this highly suggestive marketing and packaging, and misleading presentation

3   of Defendant's product which lead consumers (including Plaintiff) to believe they

4   are getting the high quality juices that they are purchasing.

5        22.    Plaintiff's claim that Coca Cola's product label is misleading and

6   deceptive does not seek to challenge the product's formal name and labeling in

7   areas for which the Food and Drug Administration ("FDA") has promulgated

8   regulations implementing the Federal Food Drug and Cosmetic Act ("FFDCA").

9   Plaintiff's claim does not seek to contest or enforce the FFDCA or FDA regulation

10   requirements.  Nor does Plaintiff seek an interpretation of the FDA regulations.

11   Instead, Plaintiff's claim is predicated on the fact that the naming and labeling are

12   misleading and deceptive even if they comply with the minimum requirements set

13   forth by the FDA regulations, as the FDA regulations simply set a "floor," or

14   "minimum" requirements.  Indeed, compliance with the minimum requirements is

15   necessary, but is not sufficient to determine if a product's label is false and

16   misleading, and simply does not provide a shield from liability.  *See e.g., Wyeth v.*

17   *Levine*, 129 S. Ct. 1187, 1202 (2009).

18        23.    Moreover, in a similar false advertising lawsuit pending in the Central

19   District – *POM Wonderful LLC v. The Coca Cola Company*, Case No. CV-08-

20   06237 SJO – POM, a major competitor has alleged that Coca Cola is misleading

21   consumers and damaging competitors by naming, labeling, packaging, marketing

22   and advertising the same juice product at issue herein (the Pomegranate Blueberry

23   Juice) as "Pomegranate Blueberry" juice, despite the fact that it contains very little

24   pomegranate juice or blueberry juice.  Based on this conduct, POM has brought

25   claims under Sections 17200 and 17500 of the California Business & Professions

26   Code.  On February 10, 2009, Judge S. James Otero permitted POM's Section

27   17200 and 17500 claims to the extent that they are identical to the FFDCA and its

28   implementing FDA regulations.  *See* Judge Otero's Order Granting in Part,

1   Denying in Part Defendant's Motion to Dismiss, slip op. at 11 (C.D. Cal. Feb. 10,
2   2009).

3        24.    Plaintiff's state law claims are aimed at the features of the naming and
4   labeling which are voluntary, and not required by the FDA regulations, which Coca
5   Cola selected in order to maximize the label's deceptive impact upon Plaintiff and
6   other consumers.  Indeed, FDA regulations did not require Defendant to name its
7   product "Pomegranate Blueberry," as opposed to "Apple Grape" or myriad of other
8   options.  Defendant made that decision because of its marketing strategy.
9   Similarly, FDA regulations did not require Defendant to place a pomegranate
10  image on its label in conjunction with the name "Pomegranate Blueberry."
11  Defendant made that decision because of its marketing strategy.  Indeed,
12  Defendant's marketing misleads consumers into believing that its product primarily
13  contains pomegranate and blueberry juice.  Defendant's marketing campaign is
14  designed to cause consumers to buy the Pomegranate Blueberry Juice as a result of
15  this deceptive message, and Defendant has succeeded.

16
17  **Minute Maid's Website And Other Forms Of Advertising For Its Pomegranate Blueberry Juice**

18       25.    In addition to the product label, Defendant deceptively describes the
19  Pomegranate Blueberry Juice on its website at www.minutemaid.com.  This
20  interactive website is accessible to the general public and the product label itself
21  identifies the website as a resource for additional consumer information about the
22  product. The Minute Maid website also conveys in a similarly deceptive manner
23  the Pomegranate Blueberry Juice.

24  ///
25  ///
26  ///
27  ///
28  ///

8

26.   As shown above, Minute Maid's website identifies its product as "Pomegranate Blueberry," without identifying that the primary ingredients are actually apple and grape juice, which are much less expensive juices than pomegranate juice and blueberry juice.  The website displays an image of the front of the bottle with pomegranates and blueberries (and other fruit) piled around it. In doing so, Coca Cola again deceptively conveys the marketing and/or advertising message in a calculated way to lead consumers to believe that the product primarily contains pomegranate and blueberry juice, when in fact it does not.

27.   Plaintiff's claim that Minute Maid's website is misleading and deceptive is based on specific marketing and/or advertising content which Defendant displays on its website, distinct from the misleading aspects of the product label. Significantly, the misleading and deceptive website content was not required by FDA labeling regulations.  Instead, Defendant voluntarily selected each of the features on the website in order to maximize its impact on consumers

1  seeking to obtain information concerning the Pomegranate Blueberry Juice.
2  However, *nowhere* on the website does Coca Cola inform consumers that the
3  primary juices in the product are *actually not pomegranate and blueberry juices,*
4  *but in fact apple and grape juice.*  Plaintiff is not alleging that the Minute Maid
5  website is in derogation in any way of  regulations, only that it violates state law as
6  codified at California Business & Professions Code §§17200 and 17500, *et seq.*

7       28.    In addition to its website, Coca Cola has conveyed and continues to
8  convey its deceptive claims about the Pomegranate Blueberry Juice through a
9  variety of other media, including television commercials.

10       29.    For example, Coca Cola has advertised its Pomegranate Blueberry
11  Juice in television commercials which have aired regularly across the United States
12  during the highly popular show "American Idol."

13       30.    Plaintiff is informed and believes and on that basis alleges that,
14  Defendant has also engaged in other forms of advertising and/or marketing of its
15  Pomegranate Blueberry Juice, including print advertisements, point-of-purchase
16  displays, and national in-store sampling programs.  Through the uniform deceptive
17  and misleading advertising and marketing campaign, Coca Cola leads consumers to
18  believe that the  primary ingredients in the product are pomegranate and blueberry
19  juices.

20       31.    As a result of this campaign, the average consumer, unaware that the
21  product actually contains very little pomegranate and blueberry juices, has
22  purchased the product believing that the product, is derived primarily from these
23  two juices.  The primary ingredients of the product are actually apple and grape
24  juice, which are much less expensive than, and do not contain as many antioxidants
25  as, either pomegranate or blueberry juice.

26       32.    Moreover, consumers' confusion is reasonable given that some
27  companies are selling juices advertised as pomegranate and/or blueberry juice
28  which truly are composed 100% (or at least primarily) of those juices.  For

1  example, on information and belief, Plaintiff alleges that R.W. Knudson Just
2  Pomegranate, POM Wonderful Pomegranate and Odwalla PomaGrand
3  Pomegranate Juice are juice products that actually contain primarily pomegranate
4  juice.

5      33.   Accordingly, Defendant's representations regarding the Pomegranate
6  Blueberry Juice are false, misleading and/or fail to disclose material facts.
7  Defendant knew or should have known and/or was reckless in not knowing and
8  disclosing that the Pomegranate Blueberry Juice contained very little pomegranate
9  or blueberry juice. Defendant knew or should have known that its representations
10 concerning the juice were likely to deceive consumers into believing they were
11 purchasing primarily pomegranate and blueberry juice.

12     34.   As a result of Defendant's representations and/or omissions, Plaintiff
13 overpaid for the Pomegranate Blueberry Juice she purchased because the value of
14 the juice was diminished at the time of sale. Had Plaintiff been aware that the
15 Pomegranate Blueberry Juice included very little pomegranate or blueberry juice
16 she would not have purchased the juice, would have paid less for it, or purchased
17 another juice product. Moreover, for all the reasons stated herein, Plaintiff suffered
18 injury in fact and has lost money or property as a result of Defendant's actions.

19                    **CLASS ACTION ALLEGATIONS**

20     35.   Plaintiff brings this suit as a class action on behalf of herself and on
21 behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2),
22 and/or 23(b)(3). Subject to additional information obtained through further
23 investigation and/or discovery, the foregoing definition of the Class may be
24 expanded or narrowed. The proposed Class consists of:

25          All persons residing in California who purchased "Minute Maid
26          Enhanced Pomegranate Blueberry" juice. Excluded from the Class are
27          Defendant, Defendant's subsidiaries, affiliates, officers, or directors,
28          any entity which Defendant has a controlling interest, or anyone who

1    purchased "Minute Maid Enhanced Pomegranate Blueberry" juice for

2    the purpose of resale.

3         36.    This action has been brought and may properly be maintained as a

4    class action pursuant to Fed. R. Civ. Pro. 23 and case law thereunder.

5         37.    **Numerosity**:  The members of the Class are so numerous that joinder

6    of all members is impracticable.  The Class comprises many tens of thousands of

7    consumers throughout California.

8         38.    **Commonality**: Common questions of law and fact exist as to all

9    members of the Class.  These common questions predominate over the questions

10   affecting only individual Class members.  These common legal and factual

11   questions include, but are not limited to, the following:

12        a.    Whether the claims discussed above are untrue, or are misleading, or

13              reasonably likely to deceive;

14        b.    Whether Defendant's conduct is an unlawful act or practice within

15              the meaning of California Business & Professions Code §17200;

16        c.    Whether Defendant's conduct is a deceptive act or practice within

17              the meaning of California Business & Professions Code §17200;

18        d.    Whether Defendant's conduct is an unfair act or practice within

19              the meaning of California Business & Professions Code §17200;

20        e.    Whether Defendant's advertising is untrue or misleading within the

21              meaning of California Business & Professions  Code §17500;

22        f.    Whether Defendant, through its conduct, received money

23              that, in equity and good conscience, belongs to members of the

24              proposed Class;

25        g.    Whether Plaintiff and the other members of the Class are entitled to

26              equitable relief, including but not limited to restitution and/or

27              disgorgement; and

28

h.      Whether Plaintiff and the other members of the Class are entitled to the injunctive relief sought herein.

These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class.

39.   **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.  Plaintiff, like other members of the Class, purchased the Pomegranate Blueberry Juice after exposure to the same material misrepresentations and/or omissions appearing on the product packaging, and received a product that contains very little pomegranate or blueberry juice. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class.

40.   **Adequacy**:  Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class.  Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

41.   Plaintiff is similarly situated in interest to all of the members of the proposed Class and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

42.   Plaintiff explicitly reserves the right to add additional class representatives, provided that Defendant is given an opportunity to conduct discovery on the chosen representative(s).  Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification.

43.   This suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(2) because Defendant has acted, and/or refused to act, on grounds generally

13

1  applicable to the Class, thereby making appropriate final injunctive relief.

2  Specifically, injunctive relief is necessary and appropriate to require Defendant to:

3  (i) discontinue advertising, marketing, packaging and otherwise representing its

4  Pomegranate Blueberry Juice as composed primarily of those juices; (ii) undertake

5  an immediate public information campaign to inform members of the proposed

6  Class as to their prior practices; and  (iii) to correct any erroneous impression

7  consumers may have derived concerning the nature, characteristics, or qualities of

8  its juice product, including without limitation, the placement of corrective

9  advertising and providing written notice to the public.

10       44.    In addition, this suit may be maintained as a class action under Fed. R.

11  Civ. Pro. 23(b)(3) because a class action is superior to all other available methods

12  for the fair and efficient adjudication of this controversy, since joinder of all

13  members is impracticable.  The injury suffered by each individual class member is

14  relatively small in comparison to the burden and expense of individual prosecution

15  of the complex and extensive litigation necessitated by Defendant's conduct.  It

16  would be virtually impossible for members of the Class individually to redress

17  effectively the wrongs done to them.  Even if the members of the Class could

18  afford such litigation, the court system could not.  Individualized litigation presents

19  a potential for inconsistent or contradictory judgments.  Individualized litigation

20  increases the delay and expense to all parties, and to the court system, presented by

21  the complex legal and factual issues of the case.  By contrast, the class action

22  device presents far fewer management difficulties, and provides the benefits of

23  single adjudication, economy of scale, and comprehensive supervision by a single

24  court.

25  ///

26  ///

27  ///

28  ///

## FIRST CAUSE OF ACTION

**(Unlawful, Unfair and Deceptive Business Practices in Violation of California Business & Professions Code §17200, *et seq.* - Asserted On Behalf of Plaintiff and the Class )**

45.    Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

46.    Plaintiff brings this cause of action on behalf of herself and on behalf the Class.

47.    The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. California Business & Professions Code §17200, *et seq.* The Act also provides for injunctive relief and restitution for violations.

48.    Defendant's conduct as alleged herein constitutes unlawful, unfair and/or fraudulent business acts and practices.

49.    By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of California Business & Professions Code §17200, *et seq.*

50.    Defendants' business practices and acts are "fraudulent" because they deceived and/or are likely to deceive Plaintiff and members of the consuming public. Specifically, Defendant intentionally and misleadingly designed the product's front label by displaying the product's name "Pomegranate Blueberry" in close conjunction with images of a pomegranate next to three blueberries, among other misleading elements. Defendant intentionally and misleadingly did so in order to falsely communicate to consumers that the product is primarily made of pomegranate and blueberry juice, when in fact it is not. Similarly, Defendant's website misleads and deceives consumers because it identifies its juice product as "Pomegranate Blueberry," without identifying that the primary ingredients are actually apple and grape juice, which are much less expensive juices than pomegranate juice and blueberry juice. Moreover, the website displays an image of

1  the front of the bottle with pomegranates and blueberries (and other fruit) piled

2  around it in order to lead consumers to believe that the product primarily contains

3  pomegranate and blueberry juice.

4        51.    Defendant's business practices, and each of them, are "unfair" because

5  they offend established public policy and/or are immoral, unethical, oppressive,

6  unscrupulous and/or substantially injurious to consumers in that consumers are led

7  to believe that the Pomegranate Blueberry Juice have qualities and benefits they do

8  not have.  Specifically, Defendant represented that the Pomegranate Blueberry

9  Juice is made primarily of pomegranate and blueberry juices, when, in fact, it is

10  primarily composed of less expensive and less healthful apple and grape juice.  The

11  injury to Plaintiff and consumers greatly outweighs any alleged countervailing

12  benefit to consumers or competition under all of the circumstances.

13        52.    There were reasonably available alternatives to further Defendant's

14  legitimate business interests, other than the conduct described herein.

15        53.    Defendant's acts and practices are "unlawful" because they violate or

16  violated California Health and Safety Code §110660, which states: "Any food is

17  misbranded if its labeling is false or misleading in any particular."  Section 110660

18  is part of California's Sherman Food, Drug, and Cosmetic Law, California Health

19  & Safety Code §109875, et seq. (the "Sherman Law").  Defendant has violated

20  Section 110660 because the product label misleads and deceives consumers into

21  believing that the primary ingredients in the juice product are pomegranate and

22  blueberry juice.  In fact, the Pomegranate Blueberry Juice contains very little

23  pomegranate or blueberry juice, a fact which Defendant knew and purposely failed

24  to disclose to its consumers.  The primary ingredients are actually apple and grape

25  juice.

26        54.    In addition, Defendant's acts and practices are "unlawful" because

27  Defendant engaged in false and/or misleading advertising in violation of California

28  Business & Professions Code §17500, et seq.

55.     Plaintiff and the Class reserves the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

56.     State law claims based on a food product's misleading and deceptive label are expressly permitted when they impose legal obligations identical to the FFDCA and its implementing FDA regulations, including FDA regulations concerning naming and labeling. *See e.g., In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1094-95 (2008). The Sherman Law expressly incorporates into California law all of the food labeling regulations adopted pursuant to the FFDCA. Plaintiff's Section 17200 claim that the label of the Pomegranate Blueberry Juice violates California Health and Safety Code §110660 imposes legal obligations identical to 21 U.S.C. §343(a) of the FFDCA which states that: "A food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Since Section 110660 imposes the identical legal obligation that "any food is misbranded if its labeling is false or misleading in any particular," Plaintiff's Section 17200 claim, which is based in part on Section 110660, is expressly permitted and not preempted by the FFDCA. Further, Section 343(a) of the FFDCA is not subject to express preemption provision set forth in 21 U.S.C. §343-1 of the FFDCA.

57.     Plaintiff and members of the Class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff and members of the Class have been injured because they overpaid for the Pomegranate Blueberry Juice since the value of the juice was diminished at the time of sale.   Plaintiff and members of the Class have been injured because had they been made aware that the Pomegranate Blueberry Juice contained primarily apple and grape juice and very little pomegranate or blueberry juice, they would not have purchased the juice, would have paid less for it, or purchased another juice product.

17

58.     Defendant, through its acts of unfair competition, have unfairly acquired money from Plaintiff and members of the Class.  It is impossible for the Plaintiff to determine the exact amount of money that Defendant have obtained without a detailed review of Defendant's books and records.   Plaintiff requests that this Court restore this money and enjoin Defendant from continuing to violate California Business & Professions Code §17200, *et seq.*, as discussed above.

59.     Unless Defendant is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, consumers residing within California, will continue to be exposed to and damaged by Defendant's unfair competition.

60.     Plaintiff seeks an order requiring Defendant to undertake a public information campaign to inform members of the Class of its prior acts or practices.

61.     Plaintiff also seeks an order requiring Defendant to (a) make full restitution of all monies wrongfully obtained and (b) disgorge all ill-gotten revenues and/or profits, together with interest thereon.

62.     Plaintiff also seeks attorney's fees and costs pursuant to, *inter alia*, Civil Code §1021.5.

## SECOND CAUSE OF ACTION

**(False and Misleading Advertising in Violation of California Business & Professions Code §17500, *et seq*. - Asserted On Behalf of Plaintiff and the Class )**

63.     Plaintiff hereby incorporates the above allegations by reference as if set forth fully herein.

64.     Plaintiff brings this cause of action on behalf of herself and on behalf the Class.

65.     The misrepresentations, acts and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of Business and Professions Code §17500 *et seq.*

66.    At all times relevant, Defendant's advertising and promotion regarding its Pomegranate Blueberry Juice was untrue, misleading and likely to deceive the public and/or has deceived the Plaintiff and consumers by representing that the product contained primarily, pomegranate and blueberry juices. Defendant knew and failed to disclose that the Pomegranate Blueberry Juice contained primarily apple and grape juice and very little pomegranate or blueberry juice.

67.    State law claims based on a food product's misleading and deceptive label are expressly permitted when they impose legal obligations identical to the FFDCA and its implementing FDA regulations, including FDA regulations concerning naming and labeling. *See e.g., In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1094-95 (2008). Plaintiff's Section 17500 claim that the label of the Pomegranate Blueberry Juice is false or misleading imposes legal obligations identical to 21 U.S.C. §343(a) of the FFDCA which states that: "A food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Further, Section 343(a) of the FFDCA is not subject to express preemption provision set forth in 21 U.S.C. §343-1 of the FFDCA.

68.    Defendant engaged in the false and/or misleading advertising and marketing alleged herein with an intent to directly or indirectly induce the purchase of the Pomegranate Blueberry Juice.

69.    In making and disseminating the statements and/or omissions alleged herein, Defendant knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of California Business & Professions Code §17500, *et seq*.

70.    Plaintiff and members of the Class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff and members of the Class have been injured because they overpaid for the Pomegranate Blueberry Juice since the value of the juice was diminished at the time of sale. Plaintiff and members of the Class have been

1  injured because had they been made aware that the Pomegranate Blueberry Juice

2  contained primarily apple and grape juice and very little pomegranate or blueberry

3  juice, they would not have purchased the juice, would have paid less for it, or

4  purchased another juice product.

5      71.    Defendant, through their acts of unfair competition, have unfairly

6  acquired money from Plaintiff and the members of the Class.  It is impossible for

7  the Plaintiff to determine the exact amount of money that Defendant have obtained

8  without a detailed review of Defendant's books and records.

9      72.    Plaintiff seeks an order requiring Defendant to undertake a public

10  information campaign to inform members of the Class of its prior acts or practices.

11      73.    Unless Defendant is enjoined from continuing engage in such

12  wrongful actions and conduct, members of the Class will continue to be damaged

13  by Defendant's false and/or misleading advertising.

14      74.    Plaintiff also seeks an order requiring Defendant to (a) make full

15  restitution of all monies wrongfully obtained and (b) disgorge all ill-gotten

16  revenues and/or profits, together with interest thereon.

17      75.    Plaintiff also seeks attorney's fees and costs pursuant to, *inter alia*,

18  Civil Code §1021.5.

19                    **PRAYER FOR RELIEF**

20      WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members

21  of the Class defined herein, pray for judgment and relief on all Causes of Action as

22  follows:

23      1.    An order certifying that the action may be maintained as a class action

24  as defined herein;

25      2.    A temporary, preliminary and/or permanent order for injunctive relief

26  requiring Defendant to: (i) discontinue advertising, marketing, packaging and

27  otherwise representing its Pomegranate Blueberry Juice as composed primarily of

28  those juices; (ii) undertake an immediate public information campaign to inform

1   members of the proposed Class as to their prior practices; and (iii) to correct any

2   erroneous impression consumers may have derived concerning the nature,

3   characteristics, or qualities of its juice product, including without limitation, the

4   placement of corrective advertising and providing written notice to the public;

5          3:      An order requiring imposition of a constructive trust and/or

6   disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and

7   all members of the Class and to restore to the Plaintiff and members of the Class all

8   funds acquired by means of any act or practice declared by this Court to be an

9   unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes

10  or regulations, or constituting unfair competition;

11         4.      Distribution of any moneys recovered on behalf of members of the

12  Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to

13  prevent Defendant from retaining the benefits of their wrongful conduct;

14         5.      Statutory pre-judgment and post-judgment interest;

15         6.      Reasonable attorneys' fees pursuant to, *inter alia*, Code of Civil

16  Procedure, §1021.5;

17         7.      Costs of this suit; and

18         8.      Such other and further relief as the Court may deem necessary or

19  appropriate.

20

21  Dated: August 28, 2009                    **WEISS & LURIE**
                                              Jordan L. Lurie
22                                            Zev B. Zysman
                                              Joel E. Elkins
23

24                                            _____
                                              Zev B. Zysman
25
                                              10940 Wilshire Boulevard, 23rd Floor
26                                            Los Angeles, CA 90024
                                              Telephone:   (310) 208-2800
27                                            Facsimile:   (310) 209-2348

28                                            *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV09- 6309 JFW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NILOOFAR SAEIDIAN, on Behalf of Herself and All Others Similarly Situated,

CASE NUMBER

PLAINTIFF(S)

CV09-6309 JFW VBKx

v.

THE COCA COLA COMPANY,

**SUMMONS**

DEFENDANT(S).

TO:   DEFENDANT(S): THE COCA COLA COMPANY

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Weiss & Lurie _____, whose address is 10940 Wilshire Blvd., 23rd Floor, Los Angeles, California 90024 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   AUG 2 8 2009

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NILOOFAR SAEIDIAN, on Behalf of Herself and All
Others Similarly Situated,

PLAINTIFF(S)

v.

THE COCA COLA COMPANY,

DEFENDANT(S).

CASE NUMBER

CV09-6309JFW VBKx

**SUMMONS**

TO:   DEFENDANT(S): THE COCA COLA COMPANY

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, __Weiss & Lurie_____, whose address is __10940 Wilshire Blvd., 23rd Floor, Los Angeles, California 90024__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 2 8 2009__

By: _____
Deputy Clerk

*(Seal of the Court)*

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NILOOFAR SAEIDIAN, on Behalf of Herself and All Others Similarly Situated

**DEFENDANTS**
THE COCA COLA COMPANY

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Weiss & Lurie
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024    Telephone: 310.208.2800

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** In excess of $5,000,000.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act (28 U.S.C. § 1332(d)(2)); Complaint for violation of Cal. Bus & Prof. Code §§ 17200 and 17500

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-6309

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No  ☑Yes
If yes, list case number(s):  08-cv-06237

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant is incorporated in Delaware and has its principal place of business in Georgia. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date  August 28, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |