Nelson L. Atkins (SBN: 36752)
nelson_atkins@gshllp.com
Kenneth M. Jones (SBN: 140358)
kenneth_jones@gshllp.com
Cynthia L. Sands (SBN: 194999)
cynthia_sands@gshllp.com
GONZALEZ SAGGIO & HARLAN LLP
3699 Wilshire Boulevard, Suite 890
Los Angeles, California 90010
(213) 487-1400-Telephone
(213) 487-1402-Facsimile

Steven A. Zalesin (admitted *pro hac vice*)
sazalesin@pbwt.com
Ryan Sirianni (admitted *pro hac vice*)
rsirianni@pbwt.com
Travis J. Tu (*pro hac vice* pending)
tjtu@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2110-Telephone
(212) 336-2111-Facsimile

Shani C. Thome (admitted *pro hac vice*)
sthome@na.ko.com
THE COCA-COLA COMPANY
One Coca-Cola Plaza
Atlanta, Georgia 30313
(404) 676-4407-Telephone
(404) 598-4407-Facsimile

Attorneys for Defendant The Coca-Cola Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NILOOFAR SAEIDIAN, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE COCA COLA COMPANY,<br><br>Defendant. | CASE NUMBER: CV09-6309 SJO-FMO<br><br>Courtroom of the Hon. S. James Otero<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed : August 28, 2009<br>Pretrial Conference: November 29, 2010<br>Trial: December 7, 2010 |

- 1 -

1    Having read the parties Stipulation for Protective Order, and good cause
2  appearing therefor, the Court approves the following Protective Order and its terms
3  shall govern all information disclosed and documents and data produced in the above-
4  captioned Action:

5  **A.    LIMITED SCOPE OF ORDER**

6    1.    In this Action, the parties expect to exchange confidential and highly
7  confidential information regarding their respective products that are the subject of this
8  litigation.  The parties have stipulated to the entry of this protective order governing
9  the exchange and use of confidential and highly confidential documents and
10 information in discovery.  This Order does not govern or restrict the use of any
11 document or information (including information designated as confidential or highly
12 confidential under this order) at trial in any manner whatsoever.  When and if the case
13 proceeds to trial, all the documents and information to be used at trial will be
14 presumptively available to all members of the public, including the press, unless good
15 cause is shown to the district judge in advance of the trial.

16    2.    Further, this Order does not affect the burden of proof that must be met
17 by a party seeking to protect confidential documents or information that is filed in the
18 court records in this case.  A party seeking to protect information to be filed in the
19 public records must prove that the documents or information meets the standards set
20 forth in *Pintos v. Pacific Creditors Association, 565 F. 3d 1106 (9thCir. 2009*) and
21 other relevant authority.  In meeting that burden, a party may not rely on its own
22 designation of material as "confidential" or "highly confidential" under this protective
23 order.  Parties seeking to protect information that is part of the judicial record must
24 meet a higher standard than governs exchange of information in discovery. *See id.*

25    3.    Nothing in this Order shall impose any restrictions on the use or
26 disclosure by a party of material obtained by such party independent of discovery in
27 this action, whether or not such material is also obtained through discovery in this
28 action, or from the use or disclosure to information that is publicly known.  Further,

nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

**B.    GOOD CAUSE STATEMENT**

4.     In discovery in this case, Defendant will be required to exchange competitively sensitive information about business activities to which Plaintiff and third parties would not otherwise have access, including information regarding the Defendant's forward looking plans and strategies, and analyses of competitive markets.  Allowing the parties or third parties to use such competitively sensitive information would cause harm to Defendant**'s** competitive position.  The parties seek the entry of this order to prevent the unauthorized use or dissemination of confidential information produced in discovery during this litigation.

5.     No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation under the standards set forth in *Pintos v. Pacific Creditors Association*, 565 F. 3d 1106 (9th Cir. 2009) and other relevant authority.

6.     Good cause exists for the designation of information as "Highly Confidential" when the information has not been made public and falls into one of the following categories:

(a)    confidential future business, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and strategies, future sales plans and strategies, forward-looking pricing strategies; the development of new products concepts, extension of existing products lines and other similar forward-looking information that is kept confidential by the party.

(b)    specific financial information at a level of detail beyond that disclosed in sources available to the public.

///

///

///

1          (c)      results of research studies or other complex analyses that the

2  parties expended on money to develop or obtain and that would be useful to current or

3  potential competitors. This category includes, among other things, consumer research

4  studies that the parties commissioned at considerable expense from third parties,

5  complex market analyses provided by third parties under contracts with non-

6  disclosure clauses, and analyses of other competitors in the market.

7          (d)      terms of contracts with the companies' suppliers or customers that

8  could be used by current or potential competitors in their own negotiations with

9  suppliers or customers.

10          (e)      specific proprietary product formulas or proprietary manufacturing

11  processes.

12          (f)      product concepts in development that have not been launched into

13  the market.

14      7.      Good cause exists for the designation of information as "Confidential"

15  when the information has not been revealed to the public and the information falls into

16  one of the following categories;

17          (a)      the information is contained in a document or is presented in a

18  form that, when analyzed in conjunction with other information produced in the

19  litigation, would reveal information in categories set forth in paragraph 6(a) to (e)

20  above.

21          (b)      private information about any officer, employee or other individual

22  third party;

23          (c)      commercially sensitive information regarding the development,

24  production, marketing, branding, sales or promotion of the entitiy's products or

25  finances, the disclosure of which information would have the effect of causing harm to

26  the competitive position of the person or entity from which the information is

27  obtained.

28  ///

- 4 -

8.      The parties shall use reasonable efforts to minimize the amount of material designated as Confidential or Highly Confidential.

9.      This Order applies to such Confidential and Highly Confidential information furnished in this litigation regardless of the form in which it is transmitted and regardless whether the information is furnished by a party or third-party.  Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third-party during this Action.  Such materials are collectively referred to as "Discovery Materials" in this Order.

## C.      PROCEDURE FOR DESIGNATION

10.      "Designating Party" may designate Discovery Materials "Confidential" or "Highly Confidential" meeting the standards set forth in paragraphs 6 and 7 by taking the following actions:

(a)      With respect to documents, discovery responses or other written materials furnished by the Designating Party in paper, as tiff images, or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing or otherwise marking on each page of a document containing Confidential Information the words **"CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER."**  The Designating Party may designate the material "Highly Confidential" by marking each page of the document with the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER."  Electronic documents produced as tiff images shall be marked in accordance with this paragraph 4(a).

(b)      With respect to Confidential or Highly Confidential Information furnished by the Designating Party in a non-paper medium, e.g., video or audio tape, computer discs, CD-roms, DVDs, etc., the Designating Party may designate all information therein as "Confidential" or "Highly Confidential" by affixing the appropriate legend to the outside of the medium or container.

- 5 -

11.     With respect to deposition testimony or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as "Confidential" or "Highly Confidential" by making a statement on the record to that effect during the deposition or proceeding at issue.  The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits. The separately bound deposition material shall be marked in accordance with its designation, as either "CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER."  Alternatively, the Designating Party may, within a reasonable time after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (page and lines) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

**D.      USE AND DISCLOSURE OF DESIGNATED MATERIAL**

12.     Information and materials designated "Confidential" or "Highly Confidential" shall be used only for prosecuting or defending this Action, except that a party may use its own Confidential or Highly Confidential Information for whatever purposes it chooses.  A party using, disseminating or distributing Confidential or Highly Confidential Information for any purpose other than for use in connection with this Action shall be subject to sanctions (including, without limitation, monetary, evidentiary or terminating sanctions, in the Court's discretion), as well as being potentially subject to any disciplinary or other applicable legal proceedings.

13.     Information and materials designated **"CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER"** may only be disclosed to the following individuals:

(a)     The recipient party who has direct responsibility for assisting such counsel in the preparation and trial of the action;

///

- 6 -

(b)     Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(c)     Court staff, court reporters and videographers involved in this litigation;

(d)     Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

(e)     Third-party witnesses provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; or (2) before disclosure of the Confidential Information counsel for the parties agree the Confidential Information may be shown to the deponent; or (3) the Court has determined that the Confidential Information may be shown to the deponent in ruling on a party's objection.  Except for when the third party or witness previously created, generated or received the Discovery Material, a third party witness shall not be shown the material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A.  This requirement for party agreement or Court determination does not apply to expert witnesses or consultants.

14.     Information and materials designated **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER"** may only be disclosed to:

(a)     Outside Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(b)     Litigation counsel employed directly by the parties and representing the parties in the Action,;

- 7 -

(c)     Paralegal or clerical staff employed directly by the parties who provide support to the litigation counsel described in subparagraph (b), so long as the staff member has not, does not, and does not anticipate having any role whatsoever in supporting or assisting any person with any involvement whatsoever in business decision making, including but not limited to decisions regarding contracts, marketing, employment, pricing, product development, competition or other business decisions;

(d)     Court staff, court reporters and videographers involved in this litigation;

(e)     Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A.  Highly Confidential Information shall not be shared with an expert or consultant retained by the non-designating party who has provided, is providing, or is expected to provide any services to any business unit of the retaining party, unless one of the three conditions set forth in subparagraph (f) is met.

(f)     Party or third party witnesses provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; or (2) before disclosure of the Highly Confidential Information counsel for the parties agree the Highly Confidential Information may be shown to the deponent; or (3) the Court has determined that the Highly Confidential Information may be shown to the deponent in ruling on a party's objection.  Except for when the third party or witness previously created, generated or received the Discovery Material, a third party witness shall not be shown the material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A.  This requirement for party agreement or Court determination does not apply to expert witnesses or consultants of the non-designating party, except for

- 8 -

those who have ever provided, are currently providing, or are expected to provide any services to any business unit of the retaining party.

15.     No person or entity receiving Confidential Information shall discuss, disseminate, or disclose the Confidential Information to any person or entity not listed above in paragraph 13.  No person or entity receiving Highly Confidential Information shall discuss, disseminate, or disclose the Highly Confidential Information to any person or entity not listed above in paragraph 13.  Any person or entity receiving Confidential or Highly Confidential Information shall take measures available to him or her to ensure that no unauthorized person or entity is able to obtain access to the Confidential or Highly Confidential Information.

16.     No person or entity under this Order to whom Confidential or Highly Confidential Information is disclosed shall use the Confidential or Highly Confidential Information for any purpose other than prosecution or defense of this Action, or sanctions shall be imposed by the Court on that person or entity as set forth in paragraph 11.

17.     Nothing in this Order affects or limits the producing party's use of its own Confidential or Highly Confidential Information or Confidential or Highly Confidential information it has created, lawfully possessed or independently generated or discovered, regardless whether the information thereafter is designated as **"CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER."**

**E.     FILING OF DESIGNATED MATERIAL IN PRE-TRIAL PROCEEDINGS**

18.     The parties must comply with Local Rule 79-5 for filing confidential or highly confidential information with the Court in any pre-trial proceeding in this action.  If the recipient party files or seeks to file with the Court material that another party has designated Confidential or Highly Confidential under this Order, the

recipient party shall simultaneously file an application to seal the records pursuant to Local Rule 79-5 that references this Order and that specifically sets forth the terms of this paragraph.  Within 72 hours after service of this application to seal (or within such other time as may be ordered by the Court), the designating party must either: (a) inform the recipient party that it does not object to the filing of the information in the public record, at which point the filing party must withdraw the application; or (b) file papers in support of the application setting forth the factual and legal basis for the request to seal the records.  The designating party bears the burden of proving that the materials meet the standards for stealing the records as set forth in *Pintos v. Pacific Creditors Association*, 565 F.3d 1106 (9th Cir. 2009) and other relevant authority.  In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this protective order.

**F.    CHALLENGES TO DESIGNATION**

19.    A party may challenge the designation of any material as Confidential or Highly Confidential under this Order under the procedures set forth in Local Rules 37-1 through 37-4.   If the parties are unable to resolve the issue informally pursuant to 37-1, the challenging party may move for an order granting access to the information under less burdensome conditions pursuant to the procedures set forth in Local Rule 37-2 through 37-4.  In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if no protective order is granted.  In the event a party seeks to substantially change the terms of this Order, including, but not limited to downgrading designations, such party must file a noticed motion in compliance with Local Rule 37-1 through 37-4 and Magistrate Judge Olguin's Rule 5, that states:

"Ex Parte Application is an unacceptable method of bringing a discovery dispute to the attention of the court absent an extreme emergency."

Under no circumstances shall a party seek such changes via ex parte application to the Court.

20.     This Order is without waiver if no prejudice to, and specifically reserves the rights and remedies of any party to apply to the Court for a determination, for good cause shown, that: (a) persons not provided for in this Order may or may not receive Confidential or Highly Confidential Information; or (b) this Order be modified or vacated.  Any application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful, and must comply with Local Rules 37-1 to 37-4 or other applicable rules.

## G.     SUBPOENA IN ANOTHER ACTION

21.     In the event any person, party or entity having possession, custody or control of any Confidential or Highly Confidential Information receives a subpoena or other process or order to produce the Confidential or Highly Confidential Information, that person or party shall promptly, within five (5) business days:

(a)     notify, in writing, the attorneys of record of the Designating Party;

(b)     notify, in writing, the attorneys of record, or other representatives if there is no attorney of record, of all persons having an interest in maintaining the confidentiality of the Confidential or Highly Confidential Information and who are known to the recipient of the subpoena, process or order;

(c)     furnish all persons notified pursuant to subsections a and b, above, a copy of the subpoena or other process or order; and

(d)     provide reasonable cooperation with respect to all procedures to protect the Confidential or Highly Confidential Information undertaken by those with an interest in protecting the confidentiality of the Confidential or Highly Confidential Information.

///

///

///

- 11 -

22.     If, after receiving the notification set forth in paragraph 20, the Designating Party makes no motion to quash or modify the subpoena despite a reasonable opportunity to do so (or does not otherwise resolve the issue with the subpoenaing party), the person, entity or party receiving the subpoena or other process or order shall be entitled to comply, provided that person, party or entity has fulfilled its obligations pursuant to this Order.

**H.     TERM OF ORDER**

23.     This Order does not govern or restrict the use of any document or information (including information designated as confidential or highly confidential under this order) at trial in any manner whatsoever.  When and if the case proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial.

24.     If the action is concluded before trial is commenced, the Order shall remain in full force and effect after such conclusion and the Court shall retain jurisdiction to enforce its terms.  In such a case, all materials, including copies, containing information designated as Confidential or Highly Confidential shall be returned to the Producing Party, or shall be disposed of in a manner assuring its confidential destruction, within the following time period:  Within 30 days after final termination of this Action either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties.  Each party shall provide to the Designating Party a declaration certifying compliance with this paragraph.

25.     If the action is concluded prior to the commencement of trial, regardless of any other provision of this Order, one copy of all pleadings filed in the Action may be retained by counsel of record for each party, and shall be sealed, designated and stored as **"Confidential or Highly Confidential Information Pursuant to Court Order"** and shall remain subject to the terms of this Order.

26.     The designation of any information, documents, or things as Confidential or Highly Confidential Information pursuant to this Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Protective Order shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege.  The parties to this Protective Order expressly reserve at this time a determination as to the manner in which Confidential or Highly Confidential information may be used in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if any, shall be determined in the future.

## I.     NO WAIVER

27.     The disclosure of Confidential or Highly Confidential Information pursuant to discovery or the procedures set forth in this confidentiality order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, privacy or other rights to or in such information.

28.     The inadvertent disclosure of information protected by the attorney-client, work product, or other applicable privilege or protection in this litigation shall not constitute a waiver of any valid claim of privilege.  Further, failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter, unless the producing party seeks to rely on the privileged material in this litigation.  A party that discovers that it has inadvertently produced privileged information shall promptly request its return.  The privileged documents together with all copies thereof shall be returned forthwith to the party claiming privilege.  Any notes or other work product made from the documents in question shall be returned along with the documents themselves or

destroyed, as appropriate.  The party claiming privilege shall thereafter promptly produce a privilege log listing the documents in question and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

29.  A party who receives apparently privileged materials from the producing party, upon understanding that the document may be privileged or contain confidential attorney work product, must act as follows:

(a)  Cease review of the document.

(b)  Immediately notify opposing counsel by phone and email of the potentially privileged document, taking all reasonable measures to reach opposing counsel.  The reviewer must follow such counsel's instructions regarding the disposition of the material.  The reviewer must also completely refrain from using the material until instruction by opposing counsel is received, which may include returning the document and all copies, and removal of the document from electronic databases with confirmation by the producing party.

(c)  Until such time that the reviewer receives instructions by opposing counsel, the reviewer may not share the document or its contents with other persons. The reviewer may notify supervising attorneys that a potentially privileged document may exist, without sharing its contents, and otherwise advise them or receive advice from them regarding the circumstances.

(d)  If the producing party claims the privilege it shall thereafter promptly add the document(s) in question to its privilege log and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

## J.  CONTINUING JURISDICTION

30.  This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action,

including but not limited to, issues arising out of the enforcement and interpretation of Exhibit A.

**IT IS SO ORDERED.**

Dated: <u>8/30/2010</u>                    <u> /s/ Fernando M. Olguin</u>
                                        Hon. Fernando M. Olguin
                                        United States Magistrate Judge

- 15 -

1

## **PROTECTIVE ORDER EXHIBIT "A"**

2    My name is _____.

3    I work for _____.

4    My business contact information is:

5    _____

6    _____

7    _____

8         I have read the attached Stipulated Protective Order ("Order") entered by the

9    Court in the matter of NILOOFAR SAEIDIAN v. THE COCA COLA COMPANY,

10   et al., United States District Court, Central District of California, Case No. CV096309

11   SJO (FMOx).

12        I understand the responsibilities and obligations the Order imposes on me

13   regarding **Confidential** or **Highly Confidential** Information I obtain in this action.

14        I agree to be bound by all of the provisions of the Order.

15        I certify that (strike the inaccurate sections of this clause, if any):

16        I did not receive any Confidential or Highly Confidential Information before

17   signing this Exhibit A;

18        I meet all requirements for receipt of information and other material designated

19   as Confidential or Highly Confidential Information, pursuant to the Order;

20        I am not directly employed by any party to this action;

21        I am not under contract with any party to this action for any purpose other than

22   this action.

23        I have received a copy of the Order, including an executed copy of this Exhibit

24   A, for my personal use and reference.

25        I understand that the court in this matter has the power to enforce the Order,

26   including but not limited to imposing penalties and/or sanctions on anyone who

27   violates the Order.

28   ///

- 16 -

1    I agree to submit to the jurisdiction of the United States District Court, Central

2  District of California in matters relating to this Order.

3    Signature: _____

4    Date: _____

5    Print Name: _____

PROTECTIVE ORDER
CV09-06309 SJO-FMO